UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 03-36-DCR |
| | ) | and |
| V. | ) | Civil Action No. 6: 10-7119-DCR |
| | ) | |
| CHRISTOPHER BURKHART, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant/Movant Christopher Burkhart's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 102] Consistent with local practice, the motion was referred to United States Magistrate Judge Hanly A. Ingram for consideration under 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Ingram filed a Recommended Disposition on October 6, 2011. [Record No. 118] Based on his review of the record and the applicable law, the magistrate judge recommended that Burkhart's motion be denied. Burkhart filed objections to the recommendation on October 25, 2011. [Record No. 119] Having reviewed all matters relevant to Burkhart's motion, the Court concludes that the Recommended Disposition should be adopted in full. Therefore, Burkhart's motion will be denied.

**I.**

The facts relevant to Burkhart's conviction are set forth in detail in the magistrate judge's Recommended Disposition. For present purposes, a brief summary will suffice. Burkhart

pleaded guilty in October 2003 to the following charges: possession with intent to distribute over 50 grams of methamphetamine (Count 1 of the Indictment); possession of a firearm while being an unlawful user of a controlled substance (Count 3); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 4).[1] [Record No. 20] The possession-in-furtherance charge related to a Sig Sauer 9mm pistol that was found in a safe at Burkhart's residence. The safe also contained various materials used in the production of methamphetamine.

During his plea colloquy, Burkhart admitted having possessed the Sig Sauer in furtherance of a drug trafficking crime. [Record No. 66, p. 18] Burkhart's attorney, the attorney for the United States, and the Court agreed that there was a satisfactory factual basis for his guilty plea. [*Id.*, pp. 18-19] Burkhart was ultimately sentenced to a total term of imprisonment of 260 months, consisting of concurrent terms of 200 months and 120 months on Counts 1 and 3, respectively, and 60 months on Count 4, to be served consecutively. [Record No. 90, p. 23] He appealed this sentence to the Sixth Circuit, which concluded that the sentence was not unreasonable and affirmed the Court's sentencing judgment. [*See* Record No. 92] Burkhart's petition for a writ of certiorari was denied by the Supreme Court. [Record No. 95] He then filed the present motion under § 2255, alleging prosecutorial misconduct and ineffective assistance of counsel. [*See* Record No. 102]

---

1   Burkhart also pleaded guilty to Count 5 of the Indictment, a forfeiture count. [*See* Record No. 20, p. 4; Record No. 66, p. 19]

## II.

The Court reviews *de novo* those portions of the Recommended Disposition to which Burkhart objects. *See* 28 U.S.C. § 636(b)(1)(C). His sole substantive objection relates to the magistrate judge's conclusion that his counsel was not ineffective in advising him to plead guilty to Count 4 (*i.e.*, the § 924(c) possession-in-furtherance charge). [*See* Record No. 119] According to Burkhart, his attorney did not explain to him that the "in furtherance of" element requires more than simple possession of a firearm at the time of a drug-trafficking offense. [*See id.*, p. 2]

Claims of ineffective assistance of counsel are evaluated using the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, the defendant must first establish "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. When evaluating an ineffectiveness claim, the Court "must indulge a strong presumption" that counsel rendered effective assistance. *Id.* at 689. The second prong of the *Strickland* inquiry is whether the defendant was prejudiced by his attorney's deficient performance. *Id.* at 687. To satisfy the prejudice requirement, a defendant who alleges that his decision to plead guilty was the result of ineffective assistance "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (adopting *Strickland* test in context of guilty pleas). Here, the magistrate judge correctly determined that Burkhart's ineffective-assistance claim fails the *Strickland* analysis.

Burkhart challenges the factual basis for his conviction on the § 924(c) charge, arguing that the government could not have proved the necessary nexus between his possession of the firearm and his drug trafficking offense. [*See* Record No. 102-1, p. 9; Record No. 119, p. 3] In support, he cites *United States v. Maye*, 582 F.3d 622 (6th Cir. 2009), in which the Sixth Circuit reversed a § 924(c) conviction after finding that the defendant had not fully understood the nature of the charge when he pleaded guilty. *See id.* at 634. In *Maye*, however, it was clear from the transcript of the defendant's sentencing hearing that the defendant had been misled not only by his attorney, but also by the sentencing court, concerning the proof necessary to establish the "in furtherance of" element of the crime. Maye repeatedly expressed confusion during his sentencing concerning whether it was sufficient for him to have merely had constructive possession of the firearm at the time of the drug-trafficking offense. The court, incorrectly, told him that it was. *See id.* at 627-30. Based on Maye's statements at sentencing, the Sixth Circuit was convinced "beyond any doubt that [he] would not have entered the guilty plea to the firearms charge if he had thought that something more than mere possession of a weapon on the premises was necessary to establish his guilt." *Id.* at 630.

Here, by contrast, nothing in the record indicates that Burkhart would not have pleaded guilty to Count 4 if he had received different legal advice. Burkhart offers no evidence that he, his attorney, or the Court was confused about the elements of Count 4. *Cf. id.* at 627 ("By the time of the defendant's sentencing, . . . it was obvious that Maye, Maye's attorney, and even the district judge were confused as to what exactly was required to establish guilt of a section 924(c) possession-in-furtherance charge."). Instead, he simply asserts that he "didn't understand the

law in relation to the facts and his attorney never advised him" that more than mere possession was required. [Record No. 119, p. 2] This conclusory statement is insufficient to call into question the validity of his guilty plea. Because Burkhart has not demonstrated "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," *Hill*, 474 U.S. at 59, he cannot show that he was prejudiced by his attorney's allegedly deficient advice. *See id.* Therefore, his claim of ineffective assistance fails. *See Strickland*, 466 U.S. at 697 (explaining that "there is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one").

### III.

Burkhart has not shown that he received ineffective assistance of counsel concerning his guilty plea on Count 4. Moreover, because "the motion and the files and records of the case conclusively show that" Burkhart is not entitled to relief, an evidentiary hearing is unnecessary. 28 U.S.C. § 2255(b). Finally, a certificate of appealability will not issue because Burkhart has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is hereby

**ORDERED** as follows:

(1) Defendant/Movant Christopher Burkhart's motion to vacate, set aside, or correct his sentence [Record No. 102] is **DENIED**.

(2) The Recommended Disposition of United States Magistrate Judge Hanly A. Ingram [Record No. 118] is **ADOPTED** and **INCORPORATED** by reference.

(3) Burkhart's objections to the Recommended Disposition [Record No. 119] are **OVERRULED**.

(4) This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 9th day of November, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge